UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MITCHELL K. DAVIS,

    Plaintiff,

    v.

FUJITEC AMERICA, INC., et al.,

    Defendants.

Case No. C21-5631RSM

ORDER GRANTING MOTION TO
DISMISS WITH LEAVE TO AMEND

## I.      INTRODUCTION

This matter comes before the Court on Defendant Bureau Veritas National Elevator Inspection Services, Inc. f/k/a National Elevator Inspection Services, Inc. ("Bureau Veritas")'s Motion to Dismiss.  Dkt. #4.  Plaintiff Mitchell K. Davis opposes the Motion.  Dkt. #11.  The Court has determined that it can rule without the need of oral argument.  For the reasons stated below, the Court GRANTS Bureau Veritas's Motion to Dismiss with leave to amend.

## II.      BACKGROUND

The following facts are taken from Plaintiff's Complaint, (Dkt. #1-2), and are considered true for purposes of ruling on the Motion to Dismiss.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Mitchell K Davis is a resident of Lewis County, Washington.  Dkt. #1-2 ¶ 1.1.
On or about August 6, 2018, Plaintiff was visiting the Henry Jackson Building in King County,
Washington when he was allegedly injured in Elevator 13.  *Id.* ¶ 3.2.  Plaintiff alleges Elevator
13's doors closed on him with significant force and that thereafter he was trapped.  *Id.* ¶ 3.3. After
purportedly being trapped in Elevator 13, Plaintiff was transported from the Henry Jackson
Building to the VA Emergency Room.  *Id. ¶ 3.5.*  Plaintiff claims he began "treating and
receiving" medical treatment right after being released from the Emergency Room and that he
suffered physical and emotional injuries and pain and suffering in an amount to be determined at
trial. *Id.* ¶ 3.9–3.10.

Plaintiff alleges that Defendant Fujitec America, Inc. is responsible for the installation and
maintenance of the elevators located at the Henry Jackson Building; that Defendant National
Elevator Inspection Services, Inc. (now known as Bureau Veritas) is responsible for the third-
party inspection services of Elevator 13, had inspected said elevator and noted defects with the
elevator prior to the events at issue in this litigation; and that Michael J. Panzo was the Qualified
Elevator Inspector and Consultant responsible for inspecting said elevator, and had inspected it
and denoted defects prior to the events at issue here. *Id.*  ¶¶ 3.4–3.6.  Plaintiff claims Defendants
knew and/or should have known the elevator in question was defective, had similar issues in the
past, was not repaired properly, and was a danger to the public when in operation. *Id.* ¶ 3.8.

Plaintiff initiated this litigation by filing his Complaint in state court on July 28, 2021.
Dkt. #1 ¶ 1.  Plaintiff brings one cause of action for negligence against all three defendants.  Dkt.
#1-1 at Section IV.  Removal occurred on August 31, 2021.  Dkt. #1.  Defendant Bureau Veritas
now moves to dismiss.  Dkt. #4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.      DISCUSSION

### A.  Plaintiff's Motions

In Plaintiff's response to Bureau Veritas's Motion to Dismiss, Plaintiff also (1) moves to strike the Motion for failure to include a noting date pursuant to LCR 7(b)(1); and (2) requests an extension of time to file his response as his response was filed three days after it was due. Plaintiff's motion to strike is denied and his motion for extension of time is granted.

### B.  Motion to Dismiss

#### a.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that [he] is entitled to relief." This requirement serves to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal marks and citation omitted). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this assessment, the Court accepts all facts in the complaint as true. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). However, the court need not accept plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 3

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555.  Absent facial plausibility, a plaintiff's claims must be dismissed.  *Id*. at 570.

### a. Analysis

Plaintiff brings only one cause of action in his Complaint for "Defendants' negligence." Dkt.# 1-2 at Section IV.b.  To establish a claim for negligence, "a plaintiff must establish: (1) the existence of a duty owed to the complaining party; (2) a breach of that duty; (3) a resulting injury; and (4) that the claimed breach was the proximate cause of the injury." *Hansen v. Friend*, 824 P.2d 483, 485 (1992) (citation omitted).  Bureau Veritas argues Plaintiff's Complaint only alleges that it "is responsible for third-party inspection services of said elevator, had inspected said elevator, and noted defects on prior occasion to incident," (Dkt. #4 at 2 (citing Dkt #1-2 ¶ 3.5)), and that Plaintiff's Complaint "does not expressly enumerate any particular cause of action, but states only that 'as a result of the above-named Defendants' negligence, Plaintiff suffered physical and emotional injuries . . .'" (Dkt. #4 at 2 (citing Dkt. #1-2 ¶ IV.b)).  In response, Plaintiff argues that the Court must consider the Complaint in its entirety and not limit itself to Paragraph 3.5 of the Complaint.  Dkt. #11 at 2.  Plaintiff argues that, as a whole, his Complaint alleges that "Defendant…is responsible for third-party inspection services of said elevator and has inspected said elevator and noted defects on prior occasion to incident," "Defendant knew and/or should

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 4

have known the elevator in question was defective, had similar issues in the past, was not repaired properly, and was a danger to the public when operating," that "[a]s a result of the…Defendants' negligence, Plaintiff suffered physical and emotional injuries" and that "Plaintiff's injury caused him lost wages, medical expenses, bodily pain, suffering, and mental anguish." Dkt. #11 at 2–3 (citing Dkt. #1-2 ¶¶ 3.3, 3.5, 3.8–3.10, Section IV.b.). But these allegations are simply "a formulaic recitation of the elements of a cause of action" that do not satisfy federal pleading standards. *Twombly*, 550 U.S. at 555. Plaintiff must allege *facts* that, accepted as true, show that he is entitled to relief from Bureau Veritas. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Plaintiff fails to do so here because he does not allege *how* Bureau Veritas breached its duty (if any) to Plaintiff.

Plaintiff argues that "Defendant was negligent by knowing or that they should have known their failure to properly inspect, failure to properly repair, and knowledge of prior incidents with the same elevator caused injury." Dkt. #11 at 3. However, even assuming Plaintiff has sufficiently alleged that Bureau Veritas had a duty to *inspect* the elevator at issue, Plaintiff does not allege that Bureau Veritas breached this duty as the Complaint states that Bureau Veritas "had inspected said elevator and noted defects." Dkt. #1-2 ¶ 3.5. As Bureau Veritas argues, Plaintiff does not allege that Bureau Veritas had a duty to maintain or repair the elevator and specifically alleges that this was another defendant's responsibility. Dkt. #12 at 2; *see* Dkt. #1-2 ¶ 3.4 ("Defendant, FUJITEC AMERICA, INC., is responsible for the installation and maintenance of the elevators located at the Henry Jackson Building."). Therefore, the Court DISMISSES Plaintiff's Complaint as to Bureau Veritas pursuant to Rule 8(a)(2) and for failure to state a claim pursuant to Rule 12(b)(6).

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 5

**C.  Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court finds that the above deficiencies with Plaintiff's claim may possibly be cured by amendment.  There has been no previous amendment to these claims, or bad faith evidence presented.  The Court will grant leave to amend, and advises Plaintiff to thoroughly review the factual deficiencies identified by Bureau Veritas in briefing.  Leave to amend will not be granted a second time.

//

//

## IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Defendant Bureau Veritas's Motion to Dismiss (Dkt. #4) is GRANTED and Plaintiff's sole claim as set forth in his Complaint (Dkt. #1) is DISMISSED as to Bureau Veritas.

(2) Plaintiff's Motion to Strike (Dkt. #11) is DENIED.

(3) Plaintiff's Motion for Extension of Time (Dkt. #11) is GRANTED.

(4) Plaintiff is granted leave to file an amended complaint within fourteen (14) days of this Order.

DATED this 4th day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 7