UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL K. DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>FUJITEC AMERICA, INC., et al.,<br><br>    Defendants. | CASE NO. C21-5631RSM<br><br>ORDER DENYING MOTION TO AMEND AFTER DEADLINE; DENYING MOTION TO DISMISS AS MOOT; GRANTING MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendant Michael J. Panzo ("Panzo")'s Motion to Dismiss with Prejudice (Dkt. #22), Plaintiff Mitchell K. Davis ("Davis")'s Motion to Amend the Complaint (Dkt. #25), and Defendant Fujitec America Inc. ("Fujitec")'s Motion for Summary Judgment (Dkt. #39). Defendants oppose Davis' Motion to Amend. Dkts. #28, 30. Davis opposes Fujitec's Motion for Summary Judgment. Dkt. #44. The Court finds that oral argument is not necessary to resolve the issues. For the reasons set forth below, the Court DENIES Panzo's Motion to Dismiss as moot, GRANTS Fujitec's Motion for Summary Judgment, and DENIES Davis' Motion to Amend the Complaint.

## II. BACKGROUND

Plaintiff Davis brings claims arising from alleged injuries sustained at the Henry M. Jackson Federal Building in Seattle, Washington. Dkt. #1-2 (hereinafter, "Complaint") ¶ 3.2.

ORDER - 1

Davis alleges that on August 6, 2018, one of the building's elevator's doors, Elevator 13, closed on Davis and trapped him, resulting in physical and emotional injuries. *Id.* ¶¶ 3.3, 3.10.

On August 31, 2021, this case was removed from Lewis County Superior Court to this Court. Dkt. #1. On December 22, 2022, Davis voluntarily dismissed his claims against Defendants National Elevator Services, Inc. and their employee Michael J. Panzo. *See* Dkt. #34. Plaintiff asserts one negligence claim against the only remaining Defendant, Fujitec, alleging that Fujitec's negligence resulted in Davis's injuries because Fujitec knew or should have know that Elevator 13 was defective, had similar issues in the past, and posed a danger to the public. Complaint ¶ 3.8.

### III. DISCUSSION

**A. Motion to Dismiss**

*1. Legal Standard under Rule 12(b)(6)*

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

*2. Analysis*

As noted above, the parties stipulated to a dismissal of all claims brought against Defendants National Elevator Services, Inc. and Michael J. Panzo. Dkt. #34. As such, Panzo's motion to dismiss is denied as moot.

**B. Motion for Summary Judgment**

*1. Legal Standard under Rule 56*

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial.  Fed. R. Civ. P. 56(e).

A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  If the evidence is merely colorable or is not significantly probative, summary judgment may not be granted. *Id.* at 249–50.  It is not the court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. *Id.*  Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

*2. Analysis*

1    Fujitec moves for an order of summary judgment dismissing all claims against it. Dkt.
2  #39. Fujitec asserts that there is no evidence that it was negligent and there is no evidence that
3  any negligent act of Fujitec was the proximate cause of Davis's injuries. *Id.* at 1. In support,
4  Fujitec argues that it timely served its disclosure of expert testimony per Fed. R. Civ. P. 26 by
5  the October 14, 2022 deadline set by this Court for discovery. *Id.* at 3–4. Fujitec points to
6  Davis's failure to disclose any expert testimony by a deadline set by the Court or the federal
7  rules and argues that Fujitec's expert testimony is therefore undisputed. *Id.* at 4–5. For these
8  reasons, Fujitec asserts that Davis has failed to establish a genuine issue of fact as to whether or
9  not Fujitec was negligent or that the alleged negligence was the proximate cause of his injuries.
10 *Id.* at 11.

11    In Response, Davis states that he has obtained an expert who has submitted "an
12 Affidavit in anticipation of his report which states he will testify that Fujitec failed to inspect
13 Elevator 13 and failed to properly maintain and repair it…caus[ing] Mitchel Davis's
14 entrapment." Dkt. #44. Davis asserts that this affidavit (Dkt. #45) and Elevator 13's service
15 records (Dkt. #46) obtained through discovery are sufficient to defeat summary judgment as
16 evidence of Fujitec's negligence. *Id.* at 3–4. Specifically, Davis points to notes in the service
17 records indicating that "the buttons in Elevator 13" were not working and "Elevator 13 [was]
18 stuck on the 4th floor." *See* Dkt. #46.

19    In Reply, Fujitec argues that Davis's service records and expert's affidavit fail to create
20 a genuine issue of fact that would defeat Fujitec's motion for summary judgment for five
21 reasons. Dkt. #47. First, Fujitec asserts that Davis failed to meet the requirements of Fed. R.
22 Civ. P. 26(a)(2) and the Court's October 14, 2022 deadline, or alternatively, 90 days before trial
23 in accordance with Rule 26 requirements. *Id.* at 2. Second, Fujitec argues that the affidavit fails
24 to meet certain Fed. R. Civ. P. 26(a)(2) requirements for a written expert report; for example, it

ORDER - 4

does not provide a list of reliance materials or information that will be used to support or summarize his opinions or a statement of compensation to be paid for the study and testimony in the case. *Id.* at 2–3. Third, Fujitec argues the expert's declaration is inadmissible because it does not meet the Fed. R. Civ. P. 56(c)(4) requirements; it is not factually based and does not demonstrate the expert has personal knowledge. *Id.* at 3–4. Fourth, Fujitec argues that the late disclosure of this expert is prejudicial to Fujitec. *Id.* at 4–5. Fifth, Fujitec argues that the service records concern issues unrelated to the doors and do not present evidence of Fujitec's alleged negligence. *Id.* at 6–8.

The Court agrees with Fujitec that Davis's late disclosure of expert testimony is inadmissible. Pursuant to the Court's scheduling order and Fed. R. Civ. P. 26(a)(2)(D), Davis was required to disclose to Fujitec the identity of any expert witness he may call to trial and provide a written report of the expert's opinions no later than January 24, 2023, 90 days before the April 24, 2023 trial date.[1] Davis made this untimely disclosure on January 30, 2023. For this reason, the Court need not address the other assertions made by Fujitec related to the inadmissibility of this evidence. The Court notes that such late disclosure is prejudicial to Fujitec and is not justified by Davis. Therefore, in considering the instant motion for summary judgment, the Court makes its findings based on the undisputed evidence provided by Fujitec.

Fujitec is responsible for the installation and maintenance of the elevators located in the Henry Jackson Building. Complaint ¶ 3.4. As a contracted elevator repair company, Fujitec owes a duty of reasonable care in maintaining the elevators. *Pruneda v. Otis Elevator Co.*, 65 Wash. App. 481, 488, 828 P.2d 642 (1992). To succeed on a claim of negligence, a plaintiff

---

[1] Under the Court's June 30, 2022 Order, the deadline for disclosure of expert testimony under Fed. R. Civ. P. was October 14, 2022. Dkt. #20.

ORDER - 5

must establish evidence that an elevator repair company had reason to anticipate that an elevator might malfunction in the manner causing the alleged injury. *Id.* at 487.

There is no evidence before the Court that demonstrates Fujitec had reason to anticipate or was on notice that Elevator 13 would malfunction as alleged in this case. Inspection reports provided by National Elevator Service, Inc. from 2017–2019 do not provide any indication that Elevator 13 would malfunction as alleged by Davis. *See* Dkt. #40-1. Further, the expert report submitted by Fujitec demonstrates Elevator 13 is equipped with a functioning door reopening device when a person/object is detected, and the closing force generated by the Elevator's doors is within the maximum safe level defined by industry standards. Dkt. #39 at 4. Davis's arguments related to Elevator 13's service records, noting the buttons were not working and that the elevator got stuck on another floor, do not negate Fujitec's evidence that it was not on notice that the elevator would malfunction by closing on someone as alleged and its expert evidence that the doors could not close with significant force causing Davis's alleged injuries.

**C. Motion to Amend**

*1. Legal Standard under Rule 15(a)(2)*

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these

factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

   *2. Analysis*

Weighing the above factors, the Court will not grant Davis's motion for leave to amend for a second time and more than one year after the deadline for the parties to amend their pleadings. On November 4, 2022, the Court granted Davis leave to amend, advising him to thoroughly review his complaint for factual deficiencies and stating that leave to amend would not be granted a second time. Dkt. #21 at 6. Regardless of which defendant Davis seeks to amend his claims against, the Court has already stated that leave to amend will not be grated a second time. *Id.* In its November 4, 2022 Order, the Court granted leave to amend within 14 days. *Id.* at 7. Davis's amended complaint was due on November 18, 2022. Davis did not file his amended complaint by that deadline. *See* Dkt. #25.

## IV.   CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Panzo's Motion to Dismiss (Dkt. #22) is DENIED as moot;
2. Fujitec's Motion for Summary Judgment (Dkt. #39) is GRANTED; and
3. Davis's Motion to Amend the Complaint (Dkt. #25) is DENIED.
4. This case is CLOSED.

DATED this 10th day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 7